LAMBERT, Respondent, vs. STATE BANK OF PATCH GROVE,
Garnishee, Appellant.

*December 8, 1922—January 9, 1923.*

*Garnishment: Funds deposited in bank in name of debtor but be-
longing to third person: Co-operative associations as agents
of patrons.*

1. While the relation existing between a bank and a depositor is
that of debtor and creditor, so that the fund deposited may
be reached by garnishment, this is so only when the funds
deposited are in fact and in law the funds of the depositor,
and not where the funds, though deposited in the name of
the depositor, are not his funds.
2. Where a cheese company organized under secs. 1786e—1 to
1786e—17, Stats., acted as selling agent for cheese manu-
factured for an association of its patrons by a cheesemaker
hired by them, and deposited the proceeds from the sale of
the cheese in a bank in its own name, merely retaining a five
per cent. interest therein as commissions, the money on de-
posit was not subject to garnishment as belonging to the
cheese company except to the extent of its interest therein.

APPEAL from a judgment of the circuit court for Grant
county: S. E. SMALLEY, Circuit Judge. *Reversed.*

The *State Bank of Patch Grove* was garnished in an ac-
tion brought by *J. E. Lambert* against the Military Ridge
Cheese Company. The bank made the following answer
in such garnishee proceedings:

"R. M. Halweg, being first duly sworn, on oath says that
he is the cashier of the *State Bank of Patch Grove,* Wis-
consin, the garnishee above named, and makes this affidavit
in its behalf; that on the 11th day of January, 1922, the
garnishee summons in the above entitled action was served
on said bank; that said garnishee was then and is now in no
way or manner and upon no account indebted to or under
liability to the defendant unless an indebtedness exists
under and upon the following facts and circumstances, to
wit:

"The above named defendant is a co-operative associa-
tion, duly formed and existing under section 1786e—1 to

1786e—17, inclusive, of the Wisconsin Statutes, and owns a factory for the manufacture of cheese in the town of Patch Grove in said Grant county; that heretofore and in the month of May, 1921, and on various and several dates thereafter and before the commencement of this action, it agreed with the farmers and dairymen of the surrounding country, its patrons, as follows: That the said defendant company would furnish its plant and equipment for the manufacture of cheese to a cheesemaker with whom the patrons might contract for the manufacture of cheese from the milk to be delivered by them at said factory; that it would keep a record of milk so received at said factory, and would market the cheese so manufactured and account for and distribute the proceeds of sales in the following manner, to wit: That from said proceeds said defendant company would retain the sum of five cents for each hundredweight of milk so delivered; would pay over to said cheesemaker fourteen per cent of said proceeds for his services in so manufacturing cheese, and would pay over the balance of said proceeds to the patrons furnishing said milk, according to interest.

"That all contracts for the furnishing of milk and manufacture of cheese, and relating to compensation of said cheesemaker, were made by and between said cheesemaker and said patrons.

"That there is on deposit in the garnishee bank to the credit of the defendant the sum of $2,212,53, subject to check.

"That defendant has been in the habit of accumulating considerable amounts of money so received by it as sales agent, and then at intervals distributing same under the above agreement; that affiant and the garnishee bank have always known of the source of the moneys so deposited, and of said agreement between the defendant and patrons, and between the cheesemaker and patrons, and that almost all of the moneys deposited by defendant to its account, from the time of the completion and commencement of operation of said factory or plant, have been deposited by defendant for the purpose of distribution as aforesaid, and have always been treated by said garnishee bank as the moneys of the patrons and cheesemaker, with the exception of the above mentioned 5c. per cwt., and that the aforesaid sum of

$2,212.53 represents proceeds of sales of cheese as afore-·
said.

"Affiant further says that the above agreement between
defendant and its patrons, and between cheesemaker and
patrons, and said method of doing business, were well
known to the plaintiff before the commencement of this
action.

"That affiant and said garnishee are in doubt as to whether
the defendant has any real interest in said deposit, and the
garnishee hereby submits the question to the court."

While this answer was traversed as a matter of form, at-
torney for the plaintiff, upon the trial, moved for judgment
upon the pleadings, stating that the only thing contained
in the answer which he denied was the allegation that
the plaintiff had knowledge of the agreement between the
Military Ridge Cheese Company and its patrons and the
agreement between the cheesemaker and the patrons of said
company. Plaintiff was sworn and denied that he had any
knowledge of these agreements. Although the trial court
disposed of the case as a matter of law arising on the plead-
ings, he nevertheless made findings of fact and conclusions
of law, in which he found as a matter of fact that at the
time of the service of the garnishee summons the said gar-
nishee was indebted to the Military Ridge Cheese Company
in the sum of $2,212.53, presently and absolutely due, the
same being a general deposit in the garnishee bank to the
credit of the defendant, subject to check; and as a con-
clusion of law, that the said bank is liable as garnishee to
the plaintiff, and that the plaintiff is entitled to have the said
indebtedness paid over to be applied upon the judgment in
plaintiff's favor against the defendant. From a judgment
entered pursuant to said conclusion of law the garnishee
brings this appeal.

For the appellant there was a· brief by *M. Casey* of
Bloomington and *Geo. B. Clementson* of Lancaster, and
oral argument by *Mr. Clementson.*

*H. E. G. Kemp* of Boscobel, for the respondent.

OWEN, J.   The trial court disposed of the case on the theory that the relation existing between a bank and a depositor is that of debtor and creditor, and that because the money was deposited in the bank in the name of the Military Ridge Cheese Company, subject to its check, it constituted the bank the debtor of said company, and the fund so deposited could be reached by garnishment and subjected to the debts of the Military Ridge Cheese Company.   While this proposition is no doubt correct when the funds deposited are in fact and in law the funds of the depositor, the result does not follow where the funds, though deposited in the name of the depositor, are not the funds of the depositor.   In *National Bank v. Insurance Co.* 104 U. S. 54, it is said:

"But although the relation between the bank and its depositor is that merely of debtor and creditor, and the balance due on the account is only a debt, yet the question is always open, To whom in equity does it beneficially belong? If the money deposited belonged to a third person, and was held by the depositor in a fiduciary capacity, its character is not changed by being placed to his credit in his bank account."

This principle also finds expression as well as illustration in *Brovan v. Kyle,* 166 Wis. 347, 165 N. W. 382.

The defendant Military Ridge Cheese Company is a co-operative association organized under the provisions of secs. 1786e—1 to 1786e—17, inclusive, of the Statutes, which authorize the organization of such a corporation to act "as a selling or buying agent for its members or patrons."   The answer discloses that the only business relations existing between the cheese company and its patrons was that of agent in the marketing of their product.   The company did not buy the milk of the patrons.   It did not in fact manufacture the same into cheese.   That was done by the cheese-maker, with whom an independent and separate agreement was entered into by the patrons of the company.   The only

thing that the cheese company did with the property of the patrons, or the property manufactured therefrom, was to sell it upon a stipulated commission. It at no time derived any title to the milk delivered at the factory by the patrons or to the cheese manufactured therefrom.

In *Emigh v. Earling,* 134 Wis. 565, 115 N. W. 128, it was held by this court that the legal title to the milk, to the product thereof, and to the proceeds arising from the sale thereof, under a similar contract, was at all times in the patrons of the company, and that the moneys arising from a sale of the cheese were held by the company in a fiduciary capacity for the beneficial use of the patrons of the company, and the trust character of the fund was not changed by the fact that it was deposited in the bank to the personal account of the company. If any authority were required, where the underlying principles involved are so clear, that case is decisive of the question here presented and fully establishes the trust character of the funds which are sought to be reached by the instant garnishment proceedings.

So far as the moneys on deposit in the garnishee bank belong to the patrons, or to the cheesemaker, they are immune from this proceeding. They do not belong to the company and cannot be subjected to the payment of its debts. In view of the fact that the contract set forth in the answer of the garnishee provides that the company may retain the sum of five cents for each hundredweight of milk so delivered, as compensation for its duties as selling agent, it may upon an accounting appear that a certain portion of this fund belongs to the company. Any portion of the fund belonging to the company may be reached by this proceeding and subjected to the payment of defendant's debt. However, as the record is barren of any evidence to indicate what portion, if any, of the fund belongs to the company, there must be a new trial.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.